*Twenty-first Judicial District.*

## In the Common Pleas of Schuylkill County.

### THE BOROUGH OF POTTSVILLE *v.* GEO. MARBURGER.

The proper remedy under the provisions of the act of Assembly 11 March, 1850, to recover a penalty for a breach of an ordinance or by-law of the borough of Pottsville, is by an action of debt.

Opinion by

WALKER, J. This was a proceeding before a justice of the peace to collect a penalty imposed by act of assembly for the violation of its provisions.

A warrant was issued on the 13th of May, 1871, against the defendant on oath of Henry Byerle, a police officer, charging him with committing a nuisance by obstructing the public streets in the borough of Pottsville. The defendant was arrested and gave bail for his appearance in $100. At the hearing before the justice on the 16th of May, 1871, judgment was entered against him for the amount of the penalty.

The proceedings were then removed into this court by writ of certiorari. The principal exception is that the record shows that the justice instituted a criminal prosecution by warrant of arrest for the recovery of the penalty, when the proper remedy should have been an action of debt by summons. This exception is sustained.

The act of assembly approved the 11th of March, 1850, (P. L. p. 159,) 2d section, under which this proceeding was instituted, enacts that the

proper remedy for the recovery of any penalty or for the breach of any regulation or ordinance or by-law, (of the borough of Pottsville,) shall be by *action of debt.* See The City v. Duncan, 4 Phila. Reports 145.

The requirements of the statute must therefore be pursued ; no other can be adopted. The act of the 21 of March, 1806, section 13, (4 Smith's Laws 432, Purdon's Dig. 41, pl. 5,) and the act of the 31st March, 1860, (Purdon's Dig. 248, pl. 192,) enacts that "in all cases where a remedy is provided or a duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law in such case, further than shall be necessary for carrying such acts or act into effect."

And this is the same in both civil and criminal proceedings. Thomas v. Simpson, 3 Barr 68 ; Commonwealth v. Garrigues, 4 C. 9.

This suit therefore is clearly wrong in form, and, whatever may be the merits which the court can not take cognizance of, the proceeding must be reversed.

Judgment reversed.

*J. Wright, Esq.*, for plaintiff in error ; *B. B. McCool, Esq.*, for defendant in error.

---

*Twenty-third Judicial District.*